**Lawrence MOORE, Plaintiff—Appellant,**

v.

**Ray ALTMEYER; et al., Defendants—Appellees.**

No. 04–56404.

D.C. No. CV–87–00172–RMB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 26, 2005.

Lawrence Moore, La Jolla, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lewis N. Levy, Levy, Goldman & Levy, Los Angeles, CA, George L. De La Flor, La Mesa, CA, Jennifer T. Messersmith, Gattey & Messersmith, Thomas Brady, Butterfield Schechter, San Diego, CA, for Defendants—Appellees.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Lawrence Moore appeals pro se the district court's order enforcing intervenor Federal Insurance Company's writ of execution against Moore on monies on deposit with the Clerk of the District Court for the Southern District of California. Because the order also served to close the case, we have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Moore's opening brief revisits issues previously resolved in *Moore v. Local Union No. 569 of the Int'l Bhd. of Elec. Workers,* 04–55459 and 04–55466, and fails to provide any reason based on relevant legal authority as to why this court should reverse the district court's July 13, 2004 Order. Moreover, because Moore did not appear at the district court's hearing regarding the Federal Insurance Company's writ of execution, and failed to file any brief in opposition or any other written argument against the writ of execution, Moore waived all challenges to the district court's July 13, 2004 Order. *See Slaven v. American Trading Transp. Co.,* 146 F.3d 1066, 1069 (9th Cir.1998) (a party that fails to raise an objection to an issue before

judgment has waived the right to challenge the issue on appeal).

Moore's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.